TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-05-00751-CR






George Stephen Owen, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT

NO. 05-381-K26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N



 George Stephen Owen appeals from a conviction by a jury of possession of certain
chemicals with intent to manufacture a controlled substance, to wit, methamphetamine. See
Tex. Health & Safety Code Ann. § 481.112 (West 2003), § 481.124 (West Supp. 2006). With the
application of penalty paragraphs for prior felony offenses to which appellant pleaded true, appellant
was sentenced as an habitual felony offender. See Tex. Penal Code Ann. § 12.42(d) (West Supp.
2006). In two issues, appellant complains that the trial court erred in admitting photographs of
his tattoos and in overruling his motion for mistrial. For the reasons that follow, we affirm the
judgment of conviction.


BACKGROUND

 The facts relevant to the issues raised are undisputed. At trial, the facts showed that
on February 3, 2005, officers of the Round Rock Police Department began an investigation based
upon information of narcotics activity at a local motel. Entering the motel room in the early morning
hours of February 4, they encountered appellant and several other people in the room. After
detaining the individuals and securing the room, the officers began their search.

 Police officer Jeff Spencer testified that he observed a backpack sitting on a chair. 
He held it up and asked if it belonged to anybody in the room. Appellant claimed the backpack as
his own. Inside the backpack were syringes, a metal spoon, cigarette lighters, a spiral notebook,
an eyeglasses case, a knife, and a plastic baggie containing approximately 120 white tablets. The
tablets were later tested and determined to contain pseudoephedrine, a chemical precursor to
methamphetamine. Police officers also recovered a butane canister and a mini-torch inside the
motel room.

 Officers recovered other paraphernalia and pieces of paper containing instructions for
making methamphetamine from appellant's girlfriend. Appellant was arrested and indicted for the
offense of possession or transport of certain chemicals with the intent to manufacture a controlled
substance, to wit, methamphetamine.


DISCUSSION

 In his first issue, appellant contends that the trial court erred in the admission of
evidence that was not relevant. Specifically, he complains that two photographs showing appellant's
tattoos were not relevant and, in any event, that the probative value of the photographs was
substantially outweighed by the danger of unfair prejudice. The State responds that the evidence was
relevant because the State was required to show possession of the items in the backpack and the
admission of the photographs tended to increase the probability that appellant was connected to the
backpack and the various items in the backpack.

 In identifying the backpack, Officer Spencer testified that the backpack contained
"several SS markings on it." Appellant did not object to the introduction of the backpack or the
testimony about the distinctive markings. The "SS" symbol also appeared on a notebook, the
eyeglasses case, and the knife, all of which were introduced without objection. The name "Bubba"
was also printed on the notebook.

 The State also offered into evidence photographs of appellant on the date of his arrest. 
Appellant did not object to the admission of a photograph showing appellant wearing a t-shirt
depicting a skull with a missing eye socket surrounded by flames, but objected to two photographs
showing appellant's tattoos of a double lightning bolt or "SS", a cow skull and various distorted
human faces, and the names "Owen" and "Bubba." Appellant objected that the photographs were
not relevant because the jury had already heard testimony that appellant admitted ownership of the
backpack shortly after it was recovered inside the motel room, and the testimony served no further
purpose. The State urged that the tattoos on appellant's body contained distinctive markings that tied
appellant to the notebook and the backpack and were relevant to the element of possession. The trial
court admitted the photographs into evidence.

 When reviewing a trial court's ruling on the admission of evidence, an appellate
court applies an abuse of discretion standard of review. Montgomery v. State, 810 S.W.2d
372, 391 (Tex. Crim. App. 1991) (op. on reh'g). A trial court has considerable discretion in deciding
whether to admit photographs into evidence. Huffman v. State, 746 S.W.2d 212, 222
(Tex. Crim. App. 1988). A trial court abuses its discretion when its decision lies outside the zone
of reasonable disagreement. Green v. State, 934 S.W.2d 92, 101-02 (Tex. Crim. App. 1996).

 We first consider whether the evidence is relevant. Relevant evidence is "evidence
having any tendency to make the existence of any fact that is of consequence to the determination
of the action more probable or less probable than it would be without the evidence." Tex.
R. Evid. 401.

 We agree with the State that the two photographs were relevant to show a connection
between appellant and the backpack evidence, and admissible on the element of possession, which
the State was required to prove. The evidence also served to corroborate Officer Spencer's
testimony regarding appellant's acknowledgment that the backpack was "his." The jury may have
disbelieved the officer's testimony, but still found the requisite connection or link between appellant
and the backpack evidence. The State is not required to elect a single item of evidence to prove a
particular fact.

 The question remains whether the evidence was inadmissible because the probative
value of the photographs was substantially outweighed by the danger of unfair prejudice. See
Tex. R. Evid. 403; see also Barnes v. State, 876 S.W.2d 316, 326 (Tex. Crim. App. 1994). 
Appellant argues on appeal that the photographs were unfairly prejudicial because they "served
to inflame and prejudice the jury by depicting appellant as a depraved individual with
connections/loyalties to the Nazi Party." But appellant did not make that argument at trial and, other
than the connection between appellant and the items of evidence, the State did not seek to link
appellant to any white supremacist group.

 When a defendant objects to the admission of evidence under Texas Rule of Evidence
403, the trial court is required to weigh the probative value of the evidence against any danger of
unfair prejudice. Santellan v. State, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997). Only when the
probative value of the evidence is substantially outweighed by the potential for unfair prejudice
should the evidence be excluded, and relevant evidence carries a presumption that it is more
probative than prejudicial. Id. Generally, a photograph is admissible if verbal testimony describing
the subject of a photograph is relevant and admissible. Williams v. State, 958 S.W.2d 186, 195
(Tex. Crim. App. 1997); Dusek v. State, 978 S.W.2d 129, 136 (Tex. App.--Austin 1998, pet. ref'd).

 The trial court elicited from defense counsel that the objection was based on rule 403. 
The trial court considered and then overruled the objection. Based on the trial court's consideration
of the evidence, the objection, and the argument of counsel, we cannot say the trial court abused its
discretion is finding the exhibits relevant and admissible. We overrule appellant's first issue.

 In his second issue, appellant urges that the trial court erred in denying a mistrial
when another police officer made a reference to the Aryan Brotherhood in his testimony. Because
the effect of the officer's testimony was to tie appellant to the Aryan Brotherhood, a white
supremacist group, appellant contends that this testimony, coupled with the exhibits showing the SS
symbols, was so prejudicial that the error could not be cured by the trial court's instruction to
disregard. We disagree.

 A trial court's ruling on a motion for mistrial is subject to the abuse of discretion
standard of review. Russeau v. State, 171 S.W.3d 871, 885 (Tex. Crim. App. 2005). An appellate
court will not disturb the ruling as long as it is within the zone of reasonable disagreement. 
Montgomery, 810 S.W.2d at 391. The general rule is that a trial court's instruction to disregard
will be sufficient to cure any prejudice caused by a witness's non-responsive answer. Russeau,
171 S.W.3d at 885; Whitaker v. State, 977 S.W.2d 595, 600 (Tex. Crim. App. 1998) (instruction to
disregard sufficient to cure non-responsive testimony by witness that defendant had assaulted her);
Delgado v. State, 986 S.W.2d 306, 309 (Tex. App.--Austin 1999, no pet.) (instruction to disregard
sufficient to cure non-responsive testimony that defendant had previously been to prison). The jury
is presumed to have followed the trial court's instruction to disregard the improper testimony. 
Hinojosa v. State, 4 S.W.3d 240, 253 (Tex. Crim. App. 1999).

 When the State asked the officer about the pocket knife that was later admitted into
evidence, the State asked if there were any unique markings on the knife. After the officer responded
yes, the prosecutor asked what they were. The officer responded, "Those are consistent with tattoos
you find. They're lightning bolts that go side by side. They're consistent with--you find Arian [sic]
Brotherhood." Defense counsel then objected, moved to strike the response, asked the trial court for
an instruction, and moved for a mistrial. The trial court sustained the objection, instructed the jury
to disregard the testimony, and denied the motion for mistrial. Defense counsel did not object when
the prosecutor then asked whether the markings were consistent with those found on the backpack
and the items in the backpack 

 Nothing in the record suggests that the State deliberately sought to elicit inappropriate
testimony that the tattoos were gang-related, and there were no further references to the subject. The
officers did not mention appellant's prior record, that he had been to prison, or testify that he was
a member of a gang. Rather, the testimony adduced served the evidentiary purpose of linking
appellant with the backpack evidence. Based upon the prompt instruction to disregard and the
presumption that the jury follows the instruction, the record in this cause gives us no reason to
deviate from the general rule.

 We cannot say that the trial court abused its discretion in overruling the motion for
a mistrial. We overrule appellant's second issue.


CONCLUSION

 Having overruled appellant's issues, we affirm the judgment of conviction.



 __________________________________________

 Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed: June 27, 2007

Do Not Publish